```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

DOROTHY NESKE and CHRISTOPHER NESKE,
as Parents and Natural Guardians of
A.N., and DOROTHY NESKE and                    MEMORANDUM & ORDER
CHRISTOPHER NESKE, Individually,               20-CV-4801(EK)(JRC)

                    Plaintiffs,


            -against-


NEW YORK CITY DEPARTMENT OF
EDUCATION, MEISHA PORTER,

                    Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs, on behalf of themselves and their minor child, A.N., claim that A.N. was denied a Free Appropriate Public Education ("FAPE") and seek relief pursuant to the Individuals with Disabilities Education ("IDEA") Act. *See* 20 U.S.C. § 1415(i).  Defendants moved to transfer this action to the Southern District of New York, where Judge Valerie Caproni adjudicated three similar actions filed by Plaintiffs.  For the following reasons, the Court grants Defendants' motion to transfer.

### I. Background

Plaintiffs seek reimbursement for A.N.'s attendance at a private school for special-needs children. Compl. ¶ 14, ECF No. 1. The Neskes have filed several federal actions seeking funding under the IDEA Act. They filed their first complaint in the Southern District of New York on April 2, 2019, seeking Section 1415(j) "pendency funding" for the 2018-2019 school year. Compl., *Neske v. N.Y.C. Dep't of Educ.* ("*DN I*"), No. 19-CV-2933, ECF No. 1. After Judge Caproni dismissed that complaint, and while their motion for reconsideration was pending, Plaintiffs filed a second complaint in the Southern District on September 23, 2019, seeking pendency funding for the 2019-2020 school year. Compl., *Neske v. Carranza* ("*DN II*"), No. 19-CV-8817, ECF No. 1. Because they did not identify the *DN II* filing as related to *DN I*, the case was randomly assigned to Judge Oetken; Judge Oetken transferred it to Judge Caproni over Plaintiffs' objection. *DN II*, ECF No. 2, 22.

On May 1, 2020, Plaintiffs filed a third complaint, this time in the Eastern District of New York, again seeking pendency funding for the 2019-2020 school year. *Neske v. N.Y.C. Dep't of Educ.*, No. 20-CV-2009, 2020 WL 2542118, at *1 (E.D.N.Y. May 19, 2020) ("*DN III*"). On May 19, 2020, this Court transferred *DN III* to the Southern District of New York, where

the other two actions remained pending before Judge Caproni. *Id.* at *3.

Plaintiffs filed this action on October 6, 2020, challenging the DOE's "denial of reimbursement for tuition and related services for A.N. to attend iBRAIN for the 2018-2019 school year." Compl. ¶ 24(a). The challenge stems from an initial hearing officer's decision that while A.N. was denied a FAPE, he was not entitled to tuition reimbursement. *Id.* ¶ 19. The New York State Education Department's Office of State Review affirmed that decision on June 8, 2020. *Id.* ¶ 21. Rather than file their complaint in the Southern District of New York, where *DN III* remained pending,[1] Plaintiffs sued in the Eastern District of New York.

## II.  Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). Moving parties must show by "clear and convincing evidence" that transfer is proper. *See New York Marine & Gen. Ins. Co. v. Lafarge*, 599 F.3d 102,

---

[1] Judge Caproni dismissed *DN III* on February 25, 2021. *Neske v. N.Y.C. Dep't of Educ.*, No. 20-CV-3912, 2021 WL 797653, at *7 (S.D.N.Y. Feb. 25, 2021).

113-14 (2d Cir. 2010). "Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

Courts conduct a two-part test when deciding whether to transfer an action under Section 1404. *See Ahmed v. TJ Maxx Corp.*, 777 F. Supp. 2d 445, 448 (E.D.N.Y. 2011). First, the Court must find that the action "might have been brought" in the transferee court. *See id.*[2] Second, courts consider whether the transfer would promote convenience and justice. *Id.; see also New York Marine*, 599 F.3d at 112. In doing so, courts weigh several factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).[3]

---

[2] Because the parties do not dispute that this action could have been brought in the Southern District of New York, "the sole inquiry before the Court . . . is whether convenience and the interests of justice support the transfer." *Ahmed*, 777 F. Supp. 2d at 448-49.

[3] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, footnotes, and internal quotation marks.

4

Given the close physical proximity of the Southern and Eastern Districts, courts typically find that convenience considerations "are relatively neutral with regard to transfer." *Ahmed*, 777 F. Supp. 2d at 449; *see also Williams v. City of New York*, No. 03-CV-5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006). Likewise, although "[p]laintiffs' choice of forum is usually entitled to considerable weight, [it] is accorded less deference where (as here) the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred." *Columbia Pictures Indus., Inc. v. Fung*, 447 F. Supp. 2d 306, 310 (S.D.N.Y. 2006). The Neskes do not allege that they live in this district or that any operative facts occurred here. In fact, the locus of operative facts is in the Southern District, where A.N. attends private school and received services for the 2018-2019 school year. Plaintiffs' choice also carries less weight because they previously brought related claims in the Southern District. *See Williams*, 2006 WL 399456, at *3. Though this action is pursuant to a different provision of the IDEA Act, it seeks funding from the same defendant, and involves the same student and school as *DN I* and *DN II* – both of which Plaintiffs filed across the river.

The Court concludes that transfer is appropriate. The locus of operative facts favors transfer, as do the interests of justice. It is telling that Plaintiffs began filing in this

district only after Judge Caproni dismissed *DN I* and after they sought – but failed – to have *DN II* assigned to a different judge.  See *Pierce v. Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) ("Where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, plaintiff's choice of forum is entitled to no weight whatever, and transfer of venue is appropriate.").

### III. Conclusion

For the foregoing reasons, this action is transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  All other relief sought by Plaintiffs is denied without prejudice to the renewal of the requests before the transferee court.  The Clerk of Court is respectfully directed to transfer this case to the Southern District of New York.  Local Rule 83.1 of the Eastern District of New York, which requires a seven-day delay between the date of this Order and transfer, is waived.

SO ORDERED.

   /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   December 2, 2021
         Brooklyn, New York