USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/01/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
DOROTHY NESKE and CHRISTOPHER          :
NESKE, as Parents and Natural Guardians of :
A.N., and DOROTHY NESKE and            :
CHRISTOPHER NESKE, Individually,       :
                                       :
                         Plaintiffs,   :
                                       :   21-CV-10363 (VEC)
            -against-                  :
                                       :   ORDER
                                       :
MEISHA PORTER, in Her Official Capacity as :
Chancellor of the New York City Department of :
Education, and THE NEW YORK CITY       :
DEPARTMENT OF EDUCATION,               :
                                       :
                         Defendants.   :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiffs sued the New York City Department of Education ("DOE") pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"). Compl., Dkt. 1. Plaintiffs then moved for summary judgment, Pls. Summ. Mem. of Law, Dkt. 40, and DOE cross-moved for the same, Defs. Summ. Mot., Dkt. 45. On August 11, 2022, the Court denied Plaintiffs' motion for summary judgment and granted Defendants' motion for summary judgment. Opinion, Dkt. 55. On August 29, 2022, Plaintiffs filed a motion for reconsideration, Pls. Mot., Dkt. 59, which Defendants opposed, Def. Opp., Dkt. 63. For the reasons discussed below, Plaintiffs' motion for reconsideration is DENIED.

## DISCUSSION

### I. Legal Standard

The standard under which Courts evaluate a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) ("[A] party moving for reconsideration must set forth 'the matters or controlling decisions which counsel believes the Court has overlooked.'" (quoting Local Civil Rule 6.3)). As such, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader*, 70 F.3d at 257. "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citation omitted). A motion for reconsideration may be granted if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

## II.   The Motion for Reconsideration Is Denied

Local Rule 6.3 provides that a motion for reconsideration must be served within fourteen days after the entry of the judgment. Plaintiffs' memorandum of law in support of their motion for reconsideration was filed outside of the fourteen-day window, and due to a filing error, the notice of motion also was not timely filed. *See* Pls. Mot., Dkt. 59, Pls. Mem., Dkt. 60 at 1 n.1, 11 n.9. The motion was, however, served within the twenty-eight-day window set by Federal Rule of Civil Procedure 59(e), and the Court, in its discretion, may consider the Plaintiffs' application as a motion for reconsideration under Rule 60(b), which provides a deadline of "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (treating an untimely motion for reconsideration as a motion for relief from judgment pursuant to Rule 60(b)). While the motion for reconsideration can, therefore, be considered, it fails because

Plaintiffs have not "identifie[d] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted).

Plaintiffs' arguments are largely duplicative of the arguments made in Plaintiffs' motion for summary judgment that the Court considered and addressed in its Opinion, including that (1) the Neskes were not obligated to attend the CSE meeting, *compare* Pls. Mem. at 17 *with* Pls. Summ. Mem. at 10; *see also* Opinion at 9, (2) the balance of the equities favored reimbursement despite the Neskes' failure to attend the CSE meeting, *compare* Pls. Mem. at 15 *with* Pls. Summ. Mem. at 11; *see also* Opinion at 9, (3) the factual record is unclear as to when the IEP meeting was held, *compare* Pls. Mem. at 21 *with* Pls. Summ. Mem. at 3; *see also* Opinion at 4 n.5, and (4) the Neskes were not uncooperative, they were simply vigorously advocating for their child, *compare* Pls. Mem. at 16–17 *with* Pls. Summ. Mem. at 14; *see also* Opinion at 8–9.

Although Plaintiffs are correct that DOE's proposed placement for A.N. for the 2018-2019 school year was a public school and not iHope,[1] Pl. Mem. at 7, that fact does not alter the Court's decision. *Shrader*, 70 F.3d at 257. The Opinion acknowledged that A.N. was denied a free and appropriate education ("FAPE") for the 2018-2019 school year; the problem for Plaintiffs is that finding was necessary but not sufficient to entitle them to reimbursement of attorneys' fees. *See* Opinion at 10.

The equitable considerations discussed at length in the Court's Opinion weigh against granting Plaintiffs' request for reimbursement of attorneys' fees, even though, as the Court

---

[1] The pendency placement for the 2018-2019 and 2019-2020 school years was iHope. *See Neske v. N.Y. City Dep't of Educ.*, 824 F. App'x 81, 82 (2d Cir. 2020); *Neske v. N.Y. City Dep't of Educ.*, 2021 WL 797653 at *4–5 (S.D.N.Y. Feb. 25, 2021).

3

acknowledged in its August 11, 2022, Opinion, A.N. was denied a FAPE. *See* Opinion at 4, 10–11. That said, Plaintiffs have not argued that they seriously considered DOE's proposed public school placement. And while Plaintiffs cooperated with some aspects of the CSE's efforts to formulate an appropriate educational plan for A.N., "the parents' overall behavior was uncooperative" and "obstructionist." *Id.* at 9, 11. The Court's consideration of the systematic obstructionist behavior of Plaintiffs and other parents who transferred their children from iHope to iBrain was not based on "rank hearsay and speculation," as Plaintiffs suggest, Pl. Mem. at 24, but rather, was based on the record in this case, the Court's own experience with the exodus of students from iHope to iBrain, and the Second Circuit's discussion of this phenomenon in *Ventura de Paulino v. New York City Department of Education*, 959 F.3d 519, 528–29 (2d Cir. 2020).

The SRO's well-reasoned decision was entitled to deference because the matter did not turn on a pure question of law, as Plaintiffs erroneously argue. Pl. Mem. at 3. The Court deferred to the SRO's fact-intensive analysis of the equities, including its determination that Dorothy Neske was not a credible witness and that Plaintiffs had not cooperated with the CSE. Opinion at 7. The Court afforded the SRO's decision deference after the Court fulfilled its obligation to independently review the administrative record and found that "[t]he record provides ample support for the IHO's and SRO's determinations." *Id*.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 59.

**SO ORDERED.**

Date:  **November 1, 2022**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**